UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| Chambers of<br>**GEORGE L. RUSSELL, III**<br>United States District Judge | 101 West Lombard Street<br>Baltimore, Maryland 21201<br>410-962-4055 |

August 22, 2016

MEMORANDUM TO COUNSEL RE:      All Risks, LTD. V. Luke Butler
                                                              Civil Action No. GLR-15-3146

Dear Counsel:

    Pending before the Court is Defendant Luke Butler's Motion to Dismiss Amended Complaint or to Stay (ECF No. 15). The Motion is ripe for disposition. No hearing is necessary. See Local Rule 105.6 (D.Md. 2016). For the reasons stated below, the Court will deny the Motion.

    Plaintiff All Risks, LTD. ("All Risks") is a Maryland corporation with its principal place of business in Hunt Valley, Maryland. (Am. Compl. ¶ 3, ECF No. 13). All Risks is an independent wholesale insurance broker that operates nationwide. (Id.). Beginning in July, 2013, Butler, a Louisiana resident, worked as an insurance broker for All Risks in its Metairie, Louisiana office. (Id. ¶¶ 4, 10, 24). Butler specialized in insurance products relating to "Oil & Gas[,] Downhole Tools[,] Public Entities[,] and Large Total Insured Value Catastrophe Exposed Property." (Id. ¶ 24).

    When Butler began his employment with All Risks, he signed a Brokerage Agreement (the "Agreement") that governed his terms and conditions of employment. (Id. ¶ 10). The Agreement contains two principal restrictive covenants. The first, section 4, is a non-solicitation provision that prohibits Butler, for two years following the termination of his employment, from soliciting or accepting the business of certain entities for the purpose of providing competing insurance services. (Pl.'s Opp'n Mot. Dismiss Ex. A, § 4, ECF No. 17-1). The second, section 3, is a confidentiality provision that prohibits Butler from disclosing confidential information during, and for two years after, his employment with All Risks. (Id. § 3). Additionally, in section 13, the Agreement contains forum-selection of choice-of-law provisions under which Butler agreed that any disputes related to the Agreement would be litigated in accordance with Maryland law and under the exclusive jurisdiction of Maryland courts. (Id. § 13).

    All Risks alleges that on August 28, 2015, Butler used his All Risks email account to transfer confidential information to his personal email account. (Am. Compl. ¶ 30). Two days later, Butler resigned and began working for IUG "in the same (or a very similar) capacity as he worked for All Risks." (Id. ¶¶ 28, 29). According to All Risks, Butler began flouting his non-solicitation and confidentiality obligations almost immediately after commencing his employment with IUG. (See id. ¶¶ 30, 32).

The parties filed separate suits in different forums.  On August 28, 2015, the same day All Risks alleges Butler transferred confidential information to his personal email account, Butler filed suit in Louisiana state court, seeking a declaratory judgment that sections 4 and 13 of the Agreement are unenforceable under Louisiana law (the "Louisiana Action").[1]  (See Def.'s Mot. Dismiss Am. Compl. or Stay Ex. 2, at 2–6, ECF No. 15-5).  On October 21, 2015, All Risks filed an Answer and Reconventional Demand ("Counterclaim").[2]  (Id. Ex. 3, ECF No. 15-6).  In its Counterclaim, All Risks raises claims for violation of the federal Computer Fraud and Abuse Act ("CFAA") (Count I), the Louisiana Uniform Trade Secrets Act (Count II), and the Louisiana Unfair Trade Practices Act (Count III).  (Id.).  All Risks also asserts claims for breach of confidentiality agreement (Count IV) and fiduciary duty (Count V).  (Id.).  For relief, All Risks seeks preliminary and permanent injunctive relief and compensatory damages.  (Id.).  Butler filed a Motion for Summary Judgment on November 10, 2015.  (Id. Ex. 4, ECF No. 15-7).  A week later, Butler answered All Risks's Counterclaim.  (Id. Ex. 5, ECF No. 15-8).

On September 8, 2015, All Risks sued Butler in the Circuit Court for Baltimore County, Maryland, raising the following claims:  preliminary and permanent injunctive relief (Count I); breach of contract – restrictive covenants (Count II); tortious interference with existing and prospective contractual business relationships (Count III); misappropriation of trade secrets/ confidential information under § 11-201 of the Commercial Law Article of the Maryland Code (Count IV); unfair competition (Count V); and negligence based on breach of fiduciary duty (Count VI). (ECF No. 2).  All Risks seeks compensatory and exemplary damages, as well as preliminary and permanent injunctive relief.  (Id.).

Butler removed All Risks's Complaint to this Court on October 15, 2015 based on diversity jurisdiction under 28 U.S.C. § 1332 (2012). (ECF No. 1).  On October 21, 2015, Butler filed a Motion to Dismiss or to Stay.  (ECF No. 9).  All Risks then filed a timely Amended Complaint on November 6, 2015.  (ECF No. 13).[3]  Butler filed a Motion to Dismiss Amended Complaint or to Stay on November 23, 2015.  (ECF No. 15).  All Risks submitted an Opposition on December 10, 2015 (ECF No. 17), and Butler replied on December 28, 2015 (ECF No. 18).

**Motion to Dismiss**

Butler moves to dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(b)(2), arguing this Court does not have personal jurisdiction over him.  When a non-resident defendant challenges a court's power to exercise personal jurisdiction, "the jurisdictional question is to be resolved by the judge, with the burden on the plaintiff ultimately to prove

---

[1] To the Court's knowledge, the Louisiana Action remains pending.

[2] "A 'reconventional demand' is the common law equivalent of a counterclaim." Daigle v. Assumption Par. Policy Jury, No. 14-1437, 2014 WL 6836130, at *1 n.2 (E.D.La. Dec. 2, 2014).

[3] The Court will deny Butler's Motion to Dismiss (ECF No. 9) as moot because All Risks's Amended Complaint supersedes its Complaint.  See Venable v. Pritzker, No. GLR-13-1867, 2014 WL 2452705, at *5 (D.Md. May 30, 2014) (explaining that an amended complaint generally moots a pending motion to dismiss the original complaint because the original complaint is superseded), aff'd, 610 F.App'x 341 (4th Cir. 2015).

grounds for jurisdiction by a preponderance of the evidence." Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs. Inc., 334 F.3d 390, 396 (4th Cir. 2003) (citing Mylan Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 59–60 (4th Cir. 1993)). "Yet when, as here, the district court decides a pretrial personal jurisdiction dismissal motion without an evidentiary hearing, the plaintiff need prove only a prima facie case of personal jurisdiction." Mylan Labs., 2 F.3d at 60 (citing Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989)). In determining whether the plaintiff has proved a prima facie case of personal jurisdiction, the Court "must draw all reasonable inferences arising from the proof, and resolve all factual disputes, in the plaintiff's favor." Id. (citing Combs, 886 F.2d at 676). Additionally, a court is permitted to consider evidence outside the pleadings when resolving a Rule 12(b)(2) motion. Structural Pres. Sys., LLC v. Andrews, 931 F.Supp.2d 667, 671 (D.Md. 2013) (citing Silo Point II LLC v. Suffolk Const. Co., 578 F.Supp.2d 807, 809 (D.Md. 2008)).

The Due Process Clause of the United States Constitution protects an individual's right not to be subject to the judgments of a forum that cannot assert personal jurisdiction over the individual. See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985). The personal jurisdiction requirement, however, is a waivable right, and "there are a 'variety of legal arrangements' by which a litigant may give 'express or implied consent to the personal jurisdiction of the court.'" Id. at 472 n.14 (quoting Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 703 (1982)). One such arrangement is when a non-resident defendant agrees to a contract with a forum-selection clause. See id.; CoStar Realty Info., Inc. v. Field, 612 F.Supp.2d 660, 668 (D.Md. 2009) ("[A] valid forum selection clause, standing alone, is enough to confer personal jurisdiction on a nonresident defendant.").

Under Maryland law,[4] "a forum-selection clause is presumptively valid and enforceable," but "a court may deny enforcement of such a clause upon a clear showing that, in the particular circumstance, enforcement would be unreasonable." Gilman v. Wheat, First Sec., Inc., 692 A.2d 454, 462–63 (Md. 1997). A forum-selection clause is unreasonable if: "(i) it was induced by fraud or overreaching, (ii) the contractually selected forum is so unfair and inconvenient as, for all practical purposes, to deprive the plaintiff of a remedy or of its day in court, or (iii) enforcement would contravene a strong public policy of the State where the action is filed." Id. at 463. Absent a finding of unreasonableness, a court should enforce a mandatory forum-selection clause. See Vulcan Chem. Techs., Inc. v. Barker, 297 F.3d 332, 339 (4th Cir. 2002).

The Court concludes the Agreement's forum-selection clause is not unreasonable. First, there is no indication that All Risks used fraud or overreaching to induce Butler to sign the Agreement. Second, Butler contends that Louisiana would be a more convenient forum because the witnesses and evidence are located in Louisiana. Butler discounts the high burden associated with showing a forum-selection clause is unreasonable based on unfairness and inconvenience— there must be a clear showing that litigating in the forum identified in the forum-selection clause would be so unfair and inconvenient that the plaintiff is effectively deprived of a remedy or a day in court. Gilman, 692 A.2d at 463. The Court finds no such showing. Third, enforcing the forum-selection clause would not contravene a strong public policy of Maryland because absent

---

[4] When determining whether it has personal jurisdiction over a party, "a federal court applies the law of the state in which it sits." CoStar Realty, 612 F.Supp.2d at 670 (D.Md. 2009) (citing Carefirst, 334 F.3d at 396).

a clear showing of unreasonableness, Maryland presumes forum-selection clauses are valid and enforceable. See id. at 462–63. Butler argues enforcing the forum-selection clause would contravene Louisiana public policy, but under Maryland law, a forum-selection clause is unreasonable if "enforcement would contravene a strong public policy of the State where the action is filed." Id. at 463 (emphasis added). All Risks filed this action in Maryland.

Accordingly, because the Court does not find that the Agreement's forum-selection clause is unreasonable as a matter of law, the Court will enforce the clause, assert personal jurisdiction over Butler, and deny Butler's Rule 12(b)(2) Motion to Dismiss.[5]

**Motion to Stay**

Alternatively, Butler moves to stay this matter, arguing abstention is warranted under Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976) because the Louisiana Action remains pending in state court. Federal courts, however, have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." Colo. River, 424 U.S. at 817–18 (citing England v. La. State Bd. of Med. Exam'rs, 375 U.S. 411, 415 (1964)). Thus, abstention "is the exception, not the rule." Id. at 813.

Under the Colorado River abstention doctrine, "federal courts may abstain from exercising their jurisdiction in the exceptional circumstances where a federal case duplicates contemporaneous state proceedings and 'wise judicial administration, giving regard to conservation [of] judicial resources and comprehensive disposition of litigation' clearly favors abstention." Covance Labs., Inc. v. Orantes, 338 F.Supp.2d 613, 615–16 (D.Md. 2004) (quoting Colo. River, 424 U.S. at 817). More specifically, a federal district court may abstain when two conditions are satisfied: "(1) parallel proceedings are ongoing in state and federal court, and (2) 'exceptional circumstances' counsel in favor of abstention." Id. at 616 (citing Colo. River, 424 U.S. at 813).

Whether there are parallel federal and state suits is the threshold question. Chase Brexton Health Servs., Inc. v. Maryland, 411 F.3d 457, 463 (4th Cir. 2005). "Parallel proceedings exist if 'substantially the same parties litigate substantially the same issues in different forums.'" Covance Labs., 338 F.Supp.2d at 616 (quoting New Beckley Mining Corp. v. Int'l Union, UMWA, 946 F.2d 1072, 1073 (4th Cir. 1991)). A court is not required to find state and federal proceedings are parallel just because they share underlying facts. Indeed, "[t]he Colorado River doctrine does not give federal courts carte blanche to decline to hear cases within their jurisdiction merely because issues or factual disputes in those cases may be addressed in past or pending proceedings before state tribunals." New Beckley, 946 F.2d at 1074 (quoting United States v. SCM Corp., 615 F.Supp. 411, 417 (D.Md.1985)). Additionally, state and federal suits do not involve "substantially the same issues" when the claims asserted are unequal in scope

---

[5] Butler also argues that exercising personal jurisdiction over Butler would contravene Maryland's long-arm statute and Butler's right to due process because Butler did not have the requisite minimum contacts with Maryland. Because the Court concludes that Butler expressly consented to this Court's jurisdiction when he signed the Agreement, the Court need not address this argument.

such that abstaining from deciding the federal case would deprive a party of an opportunity to litigate its claims. See Chase Brexton, 411 F.3d at 464–65 (concluding that state and federal suits were not parallel).

Here, the parties in the two cases are identical. The dispositive question becomes, then, whether the parties are litigating substantially the same legal issues. Butler contends both cases turn on whether the Agreement's restrictive covenants are enforceable under state law and All Risks's Counterclaim in the Louisiana Action "tracks" the Amended Complaint in this case. (Def.'s Mot. Dismiss or Stay at 9, ECF No. 15-1). To be sure, assuming this case proceeds beyond the present stage, whether the restrictive covenants are enforceable is an issue the parties will litigate in both cases. The Court also agrees that All Risks's Counterclaim in the Louisiana Action "tracks" the Amended Complaint, but only with respect to the underlying facts. (Id.).

The scope of All Risks's claims is inconsistent between the cases. For example, in this case, All Risks raises two claims challenging Butler's alleged violation of the Agreement's non-solicitation provision: preliminary and permanent injunctive relief (Count I) and breach of contract (Count II). (ECF No. 2). Conversely, in the Louisiana Action, All Risks raises no claims challenging Butler's alleged violation of the non-solicitation provision. (ECF No. 15-6). Other than the CFAA claim, all of All Risks's claims deal with Butler's alleged misappropriation of confidential information. (Id.). Indeed, even All Risks's breach of contract claim relates only to breach of the confidentiality provision. (Id.). The Court finds this difference in the scope of All Risks's claims is substantial because abstaining in this case would prevent All Risks from continuing to pursue relief for Butler's alleged breach of the non-solicitation clause.

Thus, the Court concludes the actions are not parallel because the parties are not litigating "substantially the same issues." Covance Labs., 338 F.Supp.2d at 616 (quoting New Beckley Mining Corp., 946 F.2d at 1073). Accordingly, the Court will deny Butler's Motion to Stay.

For the reasons outlined above, Butler's Motion to Dismiss Complaint or to Stay (ECF No. 9) is DENIED AS MOOT and his Motion to Dismiss Amended Complaint or to Stay (ECF No. 15) is DENIED. Butler shall file a responsive pleading within fourteen days of the date of this memorandum. Despite the informal nature of this memorandum, it shall constitute an Order of this Court, and the Clerk is directed to docket it accordingly.

Very truly yours,

/s/
_____
George L. Russell, III
United States District Judge